```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO
                          EASTERN DIVISION

    UNITED STATES OF AMERICA        Case No. 1:12CR238
                                    Cleveland, Ohio
              Plaintiff,            May 7, 2012
                                    9:30 a.m.
         -vs-

    DOUGLAS L. WRIGHT,
    BRANDON L. BAXTER,
    ANTHONY HAYNE,
    CONNOR C. STEVENS,
    JOSHUA STAFFORD,

              Defendants.




                    TRANSCRIPT OF PROCEEDINGS
                 BEFORE THE HONORABLE GREG WHITE
                  UNITED STATES MAGISTRATE JUDGE




                            - - - - -


    Court Reporter:             Judith A. Gage, RMR-CRR
                                Official Court Reporter
                                7-189 U.S. Court House
                                801 West Superior Avenue
                                Cleveland, Ohio 44113
                                (216) 357-7238


                            - - - - -
```

```
 1   APPEARANCES:

 2   For the Plaintiff: Duncan Brown
                       Thomas Getz
 3                     Office of the U.S. Attorney
                       801 Superior Avenue, Suite 400
 4                     Cleveland, Ohio  44113
                       (216) 622-3600
 5
     For Defendant     Anthony J. Vegh
 6   Wright:           720 Leader Building
                       Cleveland, Ohio  44114
 7                     (216) 566-1424

 8   For Defendant     John Pyle
     Baxter:           Gold & Pyle
 9                     1140 Leader Building
                       Cleveland, Ohio  44114
10                     (216)  696-6122

11   For Defendant     Michael O'Shea
     Hayne:            O'Shea & Associates
12                     19300 Detroit Road, Suite 202
                       Rocky River, Ohio  44116
13                     (440) 356-2700

14
     For Defendant     Jennifer Schwartz
15   Stevens:          1616 Guildhall
                       45 West Prospect
16                     Cleveland, Ohio  44115
                       (216) 696-7100
17

18   For Defendant     Timothy C. Ivey
     Stafford:         Assistant Federal Defender
19                     1660 West Second Street.
                       Cleveland, Ohio  44113.
20                     (216) 522-4856

21

22

23   Proceedings recorded by mechanical stenography.
     Transcript produced by computer-aided transcription.
24

25
```

```
 1                  MONDAY, MAY 7, 2012, 11:13 AM
 2
 3              THE CLERK:  Your Honor, the case before the
 4   Court carries Case Number 1:12CR238, United States of
 5   America versus Douglas Wright, Brandon Baxter, Anthony
 6   Hayne, Connor Stevens and Joshua Stafford.
 7              THE COURT:  I'll ask counsel to identify
 8   themselves for the record.  We'll start with you,
 9   Mr. Brown.  Introduce yourself and identify the folks
10   at the table with you.
11              MR. BROWN:  For the United States of America,
12   Duncan Brown.  With me is AUSA Thomas Getz, Special
13   Agent Brian Taylor, and Michael Stark.
14              THE COURT:  Mr. Vegh.
15              MR. VEGH:  Tony Vegh on behalf of Douglas
16   Wright.
17              THE COURT:  And you are Douglas?
18              MR. WRIGHT:  Yes, Your Honor.
19              THE COURT:  And Mr. Pyle?
20              MR. PYLE:  Your Honor, John Pyle for
21   Mr. Baxter.
22              THE COURT:  And you are Brandon L. Baxter,
23   sir?
24              MR. BAXTER:  Yes, Your Honor.
25              THE COURT:  Mr. O'Shea?
```

```
 1              MR. O'SHEA:  Good morning, Your Honor.  Mike
 2    O'Shea on behalf of Anthony Hayne.
 3              THE COURT:  And you are Anthony Hayne, sir?
 4              MR. HAYNE:  Yes, Your Honor.
 5              THE COURT:  And Miss Schwartz?
 6              MS. SCHWARTZ:  Jennifer Schwartz for Connor
 7    Stevens.
 8              THE COURT:  And you are Connor Stevens, sir?
 9              MR. STEVENS:  Yes, Your Honor.
10              THE COURT:  And Mr. Ivey?
11              MR. IVEY:  Timothy Ivey on behalf of Joshua
12    Stafford.
13              THE COURT:  And you are Joshua Stafford, sir?
14              MR. STAFFORD:  Yes, sir.
15              THE COURT:  Gentlemen, the first thing today,
16    we'll arraign you on an arraignment that was returned
17    May 3, 2012.  I'm going to ask Mr. Brown if you would
18    read the indictment for the record.
19              MR. BROWN:  Yes, Your Honor.
20              Count 1 charges that from on or about
21    February 20, 2012, to on or about April 30, 2012 in the
22    Northern District of Ohio, Eastern Division, the
23    defendants, Douglas L. Wright, Brandon L. Baxter,
24    Anthony Hayne, Connor C. Stevens and Joshua Stafford,
25    acting without lawful authority, did knowingly conspire
```

```
 1   to use a weapon of mass destruction, specifically a
 2   destructive device composed of two improvised explosive
 3   devices, IEDs, containing C4 plastic explosives,
 4   against property within the United States used in
 5   interstate commerce for an activity that affects
 6   interstate commerce, namely, the Brecksville Northfield
 7   high level bridge, and the offense and the results of
 8   the offense would have affected interstate commerce.
 9   That is in violation of Title 18, United States Code,
10   Sections 2332(a), (a)(2)(B) and (D).
11             Count 2 charges that on or about April 30,
12   2012, in the Northern District of Ohio, Eastern
13   Division, the defendants, Douglas L. Wright, Brandon L.
14   Baxter, Anthony Hayne, Connor C. Stevens and Joshua
15   Stafford, acting without lawful authority, did
16   knowingly attempt to use a weapon of mass destruction,
17   specifically a destructive device composed of two
18   improvised explosive devices, IEDs, containing C4
19   plastic explosives, against property within the United
20   States used in interstate commerce or in an activity
21   that affects interstate commerce, namely, the
22   Brecksville Northfield high level bridge, and the
23   offense and the results of the offense would have
24   affected interstate commerce, and that's in violation
25   of Title 18, United States Code, Sections 2332(a),
```

```
 1   (a)(2)(b) and (D) and (2).
 2              Count 3 charges that on or about April 30,
 3   2012, in the Northern District of Ohio, Eastern
 4   Division, the defendants, Douglas L. Wright, Brandon L.
 5   Baxter, Anthony Hayne, Connor C. Stevens and Joshua
 6   Stafford maliciously attempted to damage and destroy by
 7   means of explosives, specifically two improvised
 8   explosive devices, IEDs, containing C4 plastic
 9   explosives, real property used in interstate commerce,
10   specifically the Brecksville Northfield high level
11   bridge, and aided and abetted each other to do the
12   same, and that's in violation of Title 18, United
13   States Code, Sections 844(i) and 2.
14              THE COURT:  Very well.  Thank you.  I am
15   going to need you to state the maximum penalties also,
16   sir.
17              MR. BROWN:  Yes, Your Honor.  For Counts 1
18   and 2, Title 18, United States Code, Section 2332,
19   those both carry a sentence of any period -- any period
20   of years up to life imprisonment, a lifetime of imposed
21   supervised release, a $250,000 fine, and a $100 special
22   assessment for each count.
23              In Count 3, it carries a minimum mandatory of
24   five years, a maximum of 20 years imprisonment, three
25   years post supervised release, a $250,000 fine, and a
```

```
 1    $100 special assessment.
 2              THE COURT:  All right.  Thank you, sir.
 3              MR. BROWN:  Thank you, Your Honor.
 4              THE COURT:  On May 1, at the initial
 5    appearance, the Court addressed the issue of counsel
 6    with each of the defendants, advised the defendants of
 7    their right to counsel, and at their request, appointed
 8    counsel to represent them.  Therefore, we will not
 9    further address the issue of counsel at today's
10    hearing.
11              I'm going to ask each of you if you have a
12    copy of the indictment there at the trial table with
13    you.  First, Mr. Wright.
14              MR. WRIGHT:  Yes, Your Honor.
15              THE COURT:  And Mr. Baxter?
16              MR. BAXTER:  Yes, Your Honor.
17              THE COURT:  Mr. Hayne?
18              MR. HAYNE:  Yes, Your Honor.
19              THE COURT:  Mr. Stevens?
20              MR. STEVENS:  Yes, Your Honor.
21              THE COURT:  And Mr. Stafford.
22              MR. STAFFORD:  Yes, Your Honor.
23              THE COURT:  Have you had an opportunity to
24    review the indictment with your counsel?  Mr. Wright?
25              MR. WRIGHT:  Yes, Your Honor.
```

```
 1                THE COURT:  Mr. Baxter?
 2                MR. BAXTER:  Yes, sir.
 3                THE COURT:  Mr. Hayne?
 4                MR. HAYNE:  Yes, Your Honor.
 5                THE COURT:  Mr. Stevens?
 6                MR. STEVENS:  Yes, Your Honor.
 7                THE COURT:  And Mr. Stafford?
 8                MR. STAFFORD:  Hardly.
 9                THE COURT:  You haven't had an opportunity to
10     review it?
11                MR. STAFFORD:  Hardly.
12                THE COURT:  I ask you, how do you plead to
13     the indictment, Mr. Wright?
14                MR. WRIGHT:  Not guilty, Your Honor.
15                THE COURT:  The record will reflect
16     Mr. Wright entered a plea of not guilty.
17                Mr. Baxter?
18                MR. BAXTER:  Not guilty.
19                THE COURT:  The record will reflect
20     Mr. Baxter also entered a plea of not guilty.
21                Mr. Hayne?
22                MR. HAYNE:  Not guilty.
23                THE COURT:  The record will reflect that
24     Mr. Hayne entered a plea of not guilty.
25                Mr. Stevens?
```

```
 1                 MR. STEVENS:  Not guilty, Your Honor.
 2                 THE COURT:  The record will reflect that
 3     Mr. Stevens also entered a plea of not guilty.
 4                 Mr. Stafford.
 5                 MR. STAFFORD:  Not guilty.
 6                 THE COURT:  Very good.  The record will
 7     reflect that Mr. Stafford has also entered a plea of
 8     not guilty.
 9                 We have been scheduled today also for a
10     detention hearing.  The Government first moved for
11     detention and asked for a three-day continuance and
12     each defendant asked for an additional day of
13     continuance.
14                 I have two written motions to continue this
15     detention hearing, and I have been advised by counsel
16     that the other three counsel want to join in the motion
17     to continue, so I'm going to address these defendants
18     individually again regarding the motion for a
19     continuance, but I need to hear from Mr. Vegh,
20     Mr. O'Shea, and Ms. Schwartz on their motions.
21                 MR. VEGH:  Your Honor, on behalf of
22     Mr. Wright, we join in the motions that the detention
23     hearings scheduled for today be continued to a further
24     date.
25                 THE COURT:  One of the motions, we discussed
```

```
 1   this, one requested a 30-day continuance and one is
 2   open-ended about when the detention hearing might be
 3   held.
 4           So, what is your view on that, Mr. Vegh?
 5   Until further order?
 6           MR. VEGH:  Until further order, Judge.
 7           THE COURT:  Okay.
 8           MR. VEGH:  That would be our choice.
 9           THE COURT:  Okay.  And Mr. Pyle, you -- until
10   further order as well?
11           MR. PYLE:  Yes, Your Honor.  I think it may
12   be a situation where different defendants are going to
13   be prepared at different times, so I would appreciate
14   "until further order" be in the language of the Court's
15   order.
16           THE COURT:  Mr. O'Shea, I need to hear from
17   you, sir.
18           MR. O'SHEA:  For the record, too, Your Honor,
19   we join in that motion, having not filed one yet, but
20   we join in the motion.  "Until further of court" is
21   fine with us, Judge.
22           THE COURT:  Miss Schwartz.
23           MS. SCHWARTZ:  Your Honor, we also join in
24   the motion to continue the detention hearing and ask
25   that it be continued until further order.
```

```
 1                THE COURT:  And Mr. Ivey, you asked for a
 2   specific 30 days?
 3                MR. IVEY:  Your Honor, in light of the other
 4   counsels' request, I would also request it be until
 5   further notice of the Court.  I had put that time in
 6   there because it is going to be necessary for me to
 7   obtain some mental health records on behalf of
 8   Mr. Stafford, and I'm not really sure how each
 9   provider, the timing of providing those.  So we would
10   ask for further order of the Court.
11                THE COURT:  All right.  So each counsel made
12   a motion representing that for good cause shown,
13   pursuant to the statute, that they are requesting a
14   continuance of this detention hearing until further
15   order of the Court, and that counsel appreciates the
16   consequences of it, that their clients will be detained
17   until that further order.
18                MR. VEGH:  Yes.  We understand that, Judge.
19                MR. PYLE:  As does Mr. Baxter, Your Honor.
20                THE COURT:  Mr. O'Shea?
21                MR. O'SHEA:  I'm sorry, Your Honor?
22                THE COURT:  We were saying that the
23   consequences of asking for this continuance and
24   representing that it is for good cause under the
25   statute is that your client will be detained until
```

1   further order of court.
2           MR. O'SHEA:  He is aware of that, Your Honor.
3   Thank you.
4           THE COURT:  Miss Schwartz?
5           MS. SCHWARTZ:  Mr. Stevens is aware of that.
6           THE COURT:  And Mr. Ivey, you made your
7   client aware of that as well?
8           MR. IVEY:  Yes, Your Honor.
9           THE COURT:  So what I will do is ask each of
10  the individual defendants a few questions on the record
11  to make sure I'm getting this from you, that you
12  understand exactly what is going on.  I'll start with
13  you, Mr. Wright.
14          Do you understand that you have a right to a
15  hearing, or the Government has the burden to establish
16  that you should be detained according to the law?
17          MR. WRIGHT:  Yes, Your Honor.
18          THE COURT:  And you understand the
19  consequences of your asking to continue this hearing
20  are that you will be held in the custody of the marshal
21  service until further order of Court, sir?
22          MR. WRIGHT:  Yes, Your Honor.
23          THE COURT:  And you are satisfied with the
24  services that Mr. Vegh has provided for you up to this
25  point in time?

```
 1              MR. WRIGHT:  Yes, Your Honor.
 2              THE COURT:  And you are agreeing to this
 3   continuance voluntarily, understanding your rights?
 4              MR. WRIGHT:  Yes, Your Honor.
 5              THE COURT:  The Court will agree to conduct
 6   your detention hearing upon further order for this
 7   defendant, Mr. Wright, and I will now remand you to the
 8   custody of the marshal service until further order of
 9   the Court, sir.
10              MR. PYLE:  We are ready, Your Honor.
11              THE COURT:  Mr. Baxter, do you understand
12   that you have a right to a hearing where the Government
13   has the burden to establish that you should be detained
14   according to law?
15              MR. BAXTER:  Yes, Your Honor.
16              THE COURT:  And you understand the
17   consequences of your agreeing to this continuance your
18   counsel has asked for, showing good cause, are that you
19   are to be held in the custody of the marshal service
20   until further order of court?
21              MR. BAXTER:  Yes.
22              THE COURT:  And you are satisfied with the
23   services Mr. Pyle provided to you thus far, sir?
24              MR. BAXTER:  Yes.
25              THE DEFENDANT:  And you are agreeing to this
```

```
 1   continuance voluntarily, understanding your rights as
 2   well?
 3           MR. BAXTER:  Yes.
 4           THE COURT:  All right.  The Court will order
 5   that you be remanded to the custody of the marshal
 6   service until further order, then.
 7           Mr. Hayne, you understand you have a right to
 8   a hearing where the Government has the burden to
 9   establish that you should be detained according to law?
10           MR. HAYNE:  Yes, Your Honor.
11           THE COURT:  And you understand the
12   consequence of agreeing to your counsel's motion to
13   continue this hearing for good cause is that you will
14   be held in the custody of the marshal service until
15   further order?
16           MR. HAYNE:  Yes, Your Honor.
17           THE COURT:  And you are satisfied with the
18   services that Mr. O'Shea has provided for you up to
19   this point in time, sir?
20           MR. HAYNE:  Yes, Your Honor.
21           THE COURT:  And you are agreeing to this
22   continuance voluntarily, understanding your rights?
23           MR. HAYNE:  Yes, Your Honor.
24           THE COURT:  All right.  The Court will
25   continue your hearing until further order and will
```

```
 1   remand you to the custody of the marshal service until
 2   further order as well.
 3           Mr. Stevens, do you understand you have a
 4   right to a hearing where the Government has the burden
 5   to establish that you should be detained according to
 6   law?
 7           MR. STEVENS:  Yes, Your Honor.
 8           THE COURT:  And you understand that the
 9   consequence of agreeing to the motion that your counsel
10   has orally requested showing good cause is that you
11   will be remanded and held in the custody of the marshal
12   service until further order of court, sir?
13           MR. STEVENS:  Yes, Your Honor.
14           THE COURT:  And you are satisfied with the
15   services Miss Schwartz has provided to you at this
16   time?
17           MR. STEVENS:  Most definitely, Your Honor.
18           THE COURT:  And you have agreed to this
19   continuance voluntarily, understanding your rights?
20           MR. STEVENS:  Yes, Your Honor.
21           THE COURT:  All right.  The Court will also
22   remand you to the custody of the marshal service until
23   further order of the Court, sir.
24           Mr. Stafford, I'll ask you the same
25   questions.  Do you understand, sir, you have a right to
```

1    a hearing where the Government must establish that you
2    should be detained according to law?
3            MR. STAFFORD:  Yes.
4            THE COURT:  And do you understand that the
5    consequences of agreeing to your counsel's motion to
6    continue this detention hearing are that you will be
7    held in custody until further order?
8            MR. STAFFORD:  Yes.
9            THE COURT:  And are you satisfied with the
10   services Mr. Ivey has provided to you at this time?
11           MR. STAFFORD:  Yes.
12           THE COURT:  I'm sorry?
13           MR. STAFFORD:  Yes.
14           THE COURT:  Okay.  And you have agreed to
15   this continuance voluntarily, understanding your
16   rights?
17           MR. STAFFORD:  Yes.
18           THE COURT:  All right.  The Court is going to
19   order that you be remanded to the custody of the
20   marshal service as well until further order of court,
21   sir.
22           Mr. Ivey, do you need some time?
23           MR. IVEY:  Just one moment.
24           (Attorney/client conference.)
25           MR. IVEY:  Your Honor, Mr. Stafford has of

```
 1   course entered a not guilty plea in this particular
 2   case.  I have tried to explain to him the purpose of
 3   today's hearing.  He would like for me to inform the
 4   Court that he is not guilty of these offenses, that he
 5   was duped into this situation, and he wants the matter
 6   dismissed this morning at today's hearing.
 7              I told him the purpose of today's hearing,
 8   and that I would make this argument to you.  He wanted
 9   me to begin this today, and now I have done so.
10              MR. STAFFORD:  I want to know why a Federal
11   informant approached me, I was approached by a Federal
12   informant, he approached me, saying that -- asking me,
13   or wanting me to go along with a painstaking action --
14              THE COURT:  Mr. Stafford, could I make a
15   comment, sir?  It is not in your best interests to do
16   this today.  Mr. Ivey, I'm sure, has advised you of
17   that.  I have no authority to dismiss the case today,
18   even if I wanted to.  This is an arraignment and a
19   detention hearing.
20              MR. STAFFORD:  I realize that and I'm
21   wondering why the Federal Government --
22              MR. IVEY:  Your Honor, I would ask that this
23   matter be concluded.
24              MR. STAFFORD:  -- paid an informant to
25   approach me.
```

```
 1                MR. IVEY:  He has a history of mental
 2   illness.  It is not in his interests to do this and I
 3   don't want this to continue.
 4                THE COURT:  Mr. Stafford, we're going to
 5   remand you to the custody of the marshal service.
 6   There is no value to what you're saying.  It doesn't
 7   help you --
 8                MR. STAFFORD:  I understand that, but why was
 9   the Federal Government --
10                THE COURT:  Sir, we're going to terminate the
11   proceedings and I'm going to remand you to the custody
12   of the marshal service.
13                MR. STAFFORD:  Why was the Federal
14   Government -- why did the Federal Government approach
15   me, not to do any act of any terror, but to do an
16   action, to further throw paint on pretty much a wall.
17   I was lied to --
18                THE COURT:  Anything further from the
19   Government?
20                MR. BROWN:  Nothing further.  Thank you, Your
21   Honor.
22                THE COURT:  Anything further from either
23   defense counsel?
24                MR. IVEY:  Nothing further, Your Honor.
25                MS. SCHWARTZ:  Nothing further, Your Honor.
```

1           (Proceedings adjourned at 11:30 AM.)

2                  - - - -

3            C E R T I F I C A T E

4

5         I, Judith A. Gage, Federal Official Court
Reporter, certify that the foregoing is a correct
6   transcript from the record of proceedings in the above
entitled matter.

7

8   _____

9

10   June 12, 2012