DOWD, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CASE NO. 1:12 CR 238 |
| Plaintiff, ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER |
| JOSHUA T. STAFFORD, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## BACKGROUND

Defendant Joshua Stafford (Stafford) moved the Court to order a competency examination and hearing pursuant to 18 U.S.C. § 4241. ECF 122. All of Stafford's codefendants previously entered guilty pleas.

The Court granted Stafford's motion for a competency examination (ECF 128), however, the outcome of the examination was inconclusive. The Court conducted a competency hearing pursuant to 18 U.S.C. § 4241(c) on April 15, 2013. Prior to the hearing, both the government and defendant fully briefed their respective positions.

The competency hearing was conducted in accordance with the requirements of 18 U.S.C. § 4247(d). At the conclusion of the hearing, the Court rendered a decision from the bench that defendant Stafford is competent to stand trial. This opinion follows.

(1:12 CR 238)

## APPLICABLE LAW

**A. Competency Determination Standard**

Title 18 U.S.C. § 4241 governs the standard for competency to stand trial. If there is reasonable cause to believe that the defendant may "presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense" the court shall order a competency hearing. 18 U.S.C. § 4241(a). In federal cases, the test for competency is whether the defendant has "the sufficient present ability to consult with his counsel with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the criminal proceedings against him." *Drope v. Missouri*, 420 U.S. 162, 172 (1975) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)); *Franklin v. Bradshaw*, 695 F.3d 439, 447 (6th Cir. 2012). If the court finds "by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," the defendant must be committed to the Attorney General. 18 U.S.C. § 4241(d).

**B. Burden of Proof**

Although 18 U.S.C. § 4241 does not expressly provide who bears the burden of proving competence to stand trial, the Sixth Circuit has placed the burden on the United States. *United States v. Chapple,* No. 94-5048, 1995 WL 6147 at *2 (6th Cir. Jan 6, 1995); *United States v. Hoyt,* 200 F.Supp.2d 790, 792 (N.D. Ohio 2002); *but see Cooper v. Oklahoma*, 517 U.S. 348,

2

(1:12 CR 238)

362 (1996) (the Supreme Court stated in dictum that the accused must prove incompetence by a preponderance of the evidence). Circuit courts are split as to who bears the burden of proving competency to stand trial.[1]

While the Court recognizes the Sixth Circuit caselaw on this issue, which side bears the burden of proof is not a factor in the Court's competency determination in this case. As discussed below, both the government and the defendant take the position that the defendant is competent, and the preponderance of the evidence clearly supports a conclusion that defendant Stafford is competent to stand trial.

**C. Competency Hearing**

Under 18 U.S.C. § 4247(d), a defendant enjoys many trial-like rights at a competency hearing. The statute requires that the defendant be represented by counsel and that the defendant be afforded "an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and to confront and cross-examine witnesses who appear at the hearing."

District courts may consider a number of factors in determining whether a defendant is competent to stand trial, including defendant's behavior and medical opinions. *See U.S. v. Miller*, 531 F.3d 340, 349 (6th Cir. 2008) (citing *U.S. v. Davis,* 93 F.3d 1286, 1290 (6th Cir. 1996)). In addition, defense counsel's doubt, or lack of doubt, regarding defendant's competence is a factor for the district court to consider. *Owens v. Sowders*, 661 F.2d 584, 586

---

[1] *See United States v. Whittington*, 586 F.3d 613, 617-18 (8th Cir. 2009) for a detailed discussion of the circuit court splits. However, which side bears the burden of proof only matters where the proof is "in equipoise," that is, where the evidence that a defendant is competent is just as strong as the evidence that he is incompetent. *See Medina v. California,* 112 S.Ct. 2572, 2579 (1992) (applying state law with preponderance of the evidence standard).

3

(1:12 CR 238)

(6th Cir. 1981); *U.S. v. Tucker*, 204 Fed.Appx. 518, 521 (6th Cir. 2006). In short, any evidence that is probative of a defendant's ability to understand the proceedings against him and to assist in his defense is relevant to the Court's competency determination.

## COMPETENCY HEARING

Defendant Stafford appeared before the Court on April 15, 2013 for a competency hearing. Stafford was represented by Attorneys Andrew Hart and Timothy Ivey. The government was represented by Attorney Duncan Brown. Both sides waived opening statements.

**A. Government's Evidence**

The government proceeded first and called Dr. Chad Tillbrook as a witness. Dr. Tillbrook is a forensic psychologist employed by the Federal Bureau of Prisons, and conducted the competency evaluation of defendant Stafford previously ordered by the Court. After testifying about his professional qualifications, Dr. Tillbrook described in detail the steps he took to carry out the competency evaluation ordered by the Court. These steps included attempting to speak with the defendant on multiple occasions and reviewing defendant's medical records. Dr. Tillbrook testified that during his efforts to interact with defendant for purpose of rendering an opinion regarding defendant's competency, Stafford requested to speak with his attorney before meeting with Dr. Tillbrook. Ultimately, Dr. Tillbrook was unable to render an opinion regarding Stafford's competency due to a lack of cooperation by the defendant in the evaluation process. Defense counsel conducted a cross-examination of Dr. Tillbrook.

4

(1:12 CR 238)

**B. Defendant's Evidence**

The next witness at the competency hearing was Dr. Sandra McPherson, called by the defendant. Defendant Stafford was referred to Dr. McPherson by Stafford's attorneys for an evaluation of Stafford's mental status and competency. Dr. McPherson is a clinical and forensic psychologist.

After testifying about her professional qualifications, Dr. McPherson described in detail the steps she undertook to evaluate the defendant's mental status and competency. These steps included at least six interviews with Stafford. Unlike defendant's interactions with Dr. Tillbrook, Dr. McPherson testified that Stafford was cooperative and answered her questions during the interviews. In addition, Dr. McPherson administered several types of tests, conducted a telephone interview of Stafford's mother, and examined Stafford's medical and mental health history and records, which included multiple hospitalizations and suicide attempts.

Dr. McPherson included defendant's attorney in some of her interviews with Stafford for the purpose of evaluating Stafford's capacity to interact with his attorney and discuss legal issues and concepts germane to his case. While meeting with Stafford and his attorney, Dr. McPherson observed that Stafford: 1) relates to his attorney in a positive fashion, 2) understands the court system, 3) knows of the prosecution against him and his co-defendants, and 4) understands legal concepts and the options available to him in this case in light of those legal concepts.

(1:12 CR 238)

After extensive testing and interviews with the defendant, Dr. McPherson testified that although Stafford has very serious mental health problems, it is her opinion that Stafford is competent to stand trial.

The Government did not cross-examine Dr. McPherson, but recalled Dr. Tillbrook, who was present in the courtroom during Dr. McPherson's testimony. During his recalled testimony, Dr. Tillbrook stated that based upon his own prior review of Stafford's records, and upon Dr. McPherson's testimony, he believed that defendant Stafford does not have any substantial impairments or deficits that would impair his competence to stand trial at this time.

**C. Statement by Defendant Stafford**

At the conclusion of testimony by Drs. McPherson and Tillbrook, the Court addressed defendant's counsel and defendant. Defendant did not formally testify, but stated directly to the Court that he did not contest that he was competent to stand trial.

## ANALYSIS

Determining whether a defendant is incompetent is quite difficult and extremely fact intensive. There are no fixed factors or thresholds that, if met, will automatically determine competency. *Cowans v. Bagley,* 639 F.3d 241, 247 (6th Cir. 2011) ("'There are, of course, no fixed or immutable signs' of incompetence, the standard is a high one, and the relevant factors—'evidence of a defendant's irrational behavior, his demeanor at trial, and any prior medical opinion on competence'—'are difficult to evaluate'") (quoting *Drope*, 420 U.S. 162, 180 (1975)). A defendant is competent to stand trial if he "'has sufficient present ability to consult with his counsel with a reasonable degree of rational understanding'" and has "'a

6

(1:12 CR 238)

rational as well as factual understanding of the proceedings against him.'" *Drope*, 420 U.S. 162, 172 (1975) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

It is the position of both the defendant and the government that despite defendant's mental health history and multiple suicide attempts, defendant is competent to stand trial. Diagnoses and symptoms similar to those presented by defendant Stafford are insufficient, on their own, to support a conclusion of incompetence to stand trial. *See U.S. v. Miller,* 531 F.3d 340, 349 (6th Cir. 2008) (mental illness and paranoia alone do not necessarily render defendant incompetent to stand trial). If a defendant is capable of understanding the case against him and assist in his defense, then he is competent to stand trial notwithstanding mental health problems. *U.S. v. Murphy,* 107 F.3d 1199, 1203-04 (6th Cir. 1997) (defendant competent to stand trial despite claims of auditory hallucinations, psychiatric report of borderline intelligence, and medical conclusion that defendant would require repetition to understand legal concepts); *U.S. v. Cunningham*, 556 F.Supp.2d 968, 977 (S.D. Iowa 2008) (defendant competent to stand trial notwithstanding serious mental health condition and need for continued psychiatric treatment).

Dr. McPherson's description of her interactions, testing and conclusions with respect to defendant Stafford reflects that defendant is aware of and understands the case against him, relates to and interacts with his lawyers in a positive manner, and understands legal concepts and the options available to him in this case. Defendant's request of Dr. Tillbrook to consult with his attorney prior to meeting with Dr. Tillbrook, and defendant's concern that he was leaving the federal medical facility before Dr. Tillbrook's evaluation was complete, reflects that the

7

(1:12 CR 238)

defendant understands the legal process associated with his case and the role of his attorney in that process.

The Court finds that a preponderance of the evidence reflects that defendant Stafford has a rational and factual understanding of the case against him, and that he is able to assist counsel in his defense. Therefore, defendant Stafford is competent to stand trial.

## **CONCLUSION**

The Court has considered all of the evidence before it with respect to question of whether defendant Stafford is competent to stand trial. This evidence includes the opinions of Drs. McPherson and Tillbrook that defendant is competent to stand trial, and the details of the interviews and testing conducted by them in reaching their opinions. A preponderance of the evidence reflects that defendant Stafford has a rational and factual understanding of the case against him and is able to assist his counsel in his defense. There is no evidence before the Court to support a contrary conclusion.

Accordingly, the Court concludes that defendant Stafford is competent to stand trial.


IT IS SO ORDERED.


April 18, 2013              *s/ David D. Dowd, Jr.*
Date                         David D. Dowd, Jr.
                             U.S. District Judge