# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | | |
|---|---|---|---|
| Joshua Stafford, | ) | CASE NO. | 1:12 CR 238 |
| | ) | | 1:16 CV 1913 |
| | ) | | |
| Plaintiff/Respondent, | ) | JUDGE PATRICIA A. GAUGHAN | |
| | ) | | |
| Vs. | ) | | |
| | ) | | |
| United States of America, | ) | **Memorandum of Opinion and Order** | |
| | ) | | |
| Defendant/Petitioner. | ) | | |

## INTRODUCTION

This matter is before the Court upon petitioner's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Doc. 357). For the reasons that follow, the motion is

DENIED.

## FACTS

On May 3, 2012, petitioner and several co-defendants were charged in a three-count

indictment with conspiracy to use weapons of mass destruction, 18 U.S.C. § 2332a(a)(2)(B) and

(D); attempt to use weapons of mass destruction, 18 U.S.C. § 2332a(a)(2)(B) and (D); and

attempt to damage or destroy property used in interstate commerce by means of explosives, 18

1

U.S.C. §844(i). Because of concerns about petitioner's mental health, the district court held a

competency hearing.[1] After the hearing, the court concluded that petitioner was competent to

stand trial. Petitioner then expressed his desire to proceed pro se. The court granted petitioner's

request to represent himself at trial and allowed the Office of the Federal Public Defender to

serve in a standby capacity.

Following a jury trial, the jury found petitioner guilty on all three counts. In its opinion

affirming petitioner's conviction, the Sixth Circuit summarized the facts of the case:

> In early 2012, the FBI learned through a confidential informant of a possible
> terrorist cell led by Douglas Wright within the Cleveland-area spinoff of Occupy
> Wall Street. The informant had learned that Wright sought to attack financial
> institutions, bridges, and police in the Cleveland area. Over the course of a few
> months, Wright formed a conspiracy with four others to blow up a bridge. Wright
> first brought Brandon Baxter and Connor Stevens into the terrorist cell, and
> Anthony Hayne and Joshua Stafford joined a few days before the attempted
> bridge bombing.
>
> Stafford first expressed interest in joining Wright's group on March 2, during a
> conversation with Wright, Baxter, and the confidential informant. But Stafford
> did not join the conspiracy until later because shortly after March 2, he left
> Cleveland for New York to participate in the Occupy Wall Street protests. While
> Stafford was in New York, the conspiracy crystallized when the co-conspirators
> developed a plan to plant explosives (purchased from an undercover FBI agent) at
> the base of the Route 82 Bridge outside of Cleveland on May 1 to coincide with
> an anticipated nationwide labor strike. Stafford returned from New York, and on
> April 27 he met with the confidential informant and Wright, who informed
> Stafford of the plan to bomb the bridge. Stafford agreed to help place the
> explosives. On April 29, Wright, Baxter, a new conspirator named Anthony
> Hayne, and the confidential informant bought gear and fake C–4 explosives from
> the undercover FBI agent. On April 30, Stafford and the co-conspirators planted
> the explosives, which they attempted to detonate using cellular phones. Soon
> afterward, the conspirators were arrested.

*United States v. Stafford*, 782 F.3d 786, 788 (6th Cir. 2015).

---

[1]     The previous proceedings were held before Judge David D. Dowd, Jr.

At sentencing, the district court applied a terrorism enhancement. With the enhancement, petitioner had a total offense level of 36 and a criminal history category of VI, which produced a Guidelines range of 324 to 405 months' imprisonment. The district court varied downward, sentencing petitioner to a 120–month term of imprisonment and a lifetime term of supervised release. *Id.* at 790–91. Petitioner filed a notice of appeal, and on April 10, 2015, the Sixth Circuit affirmed the conviction. *Id.* Petitioner did not file a petition for certiorari with the United States Supreme Court. Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence was entered on this Court's docket on July 29, 2016. Petitioner certifies, however, that he gave his motion to the prison's mailroom on July 19, 2016. The government opposes petitioner's motion.

### STATUTE OF LIMITATIONS

While the government believes that petitioner's motion "appears to be timely filed," this Court finds that it was filed outside the statute of limitations period set forth in 28 U.S.C. § 2255(f). Under § 2255(f), petitioner had one year from the date on which his conviction became final to file his motion. When a federal criminal defendant takes a direct appeal to the court of appeals, his judgment of conviction becomes final for § 2255 purposes upon the expiration of the 90-day period in which the defendant could have petitioned for certiorari to the Supreme Court, even when no certiorari petition has been filed. *Clay v. United States*, 537 U.S. 522, 532 (2003). Petitioner's conviction became final on July 9, 2015, 90 days after the Sixth Circuit entered its decision denying his appeal. Thus, petitioner's § 2255 motion was due on July 9, 2016. Because

petitioner did not give his motion to the prison mailroom until July 19, 2016, it is time-barred.[2]

Even assuming petitioner's motion was timely filed, it is without merit for the following reasons.

### STANDARD OF REVIEW

A federal prisoner may challenge a sentence if it "was imposed in violation of the Constitution or laws of the United States ... or ... the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To prevail on a § 2255 motion, "the movant must allege as a basis for relief: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 497 (6th Cir. 2003). The petitioner has the burden of "sustaining [his] contentions by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

### DISCUSSION

Petitioner attempts to collaterally attack his conviction on three grounds: (1) he is actually innocent of the crime; (2) his counsel was ineffective on appeal for failing to raise a claim of actual innocence; and (3) his sentence is void under *Johnson v. United States*, 135 S. Ct. 2551 (2015).

---

[2]     Section 2255(f)(3) provides that a motion is timely filed if it is filed within one year of the "date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." To the extent that petitioner's motion is based on *Johnson v. United States,* 135 S. Ct. 2551 (2015), it is still time-barred as the Supreme Court issued its decision in *Johnson* on June 26, 2015. In any event, as discussed below, *Johnson* does not apply to petitioner's case.

**A. <u>Actual Innocence</u>**

Petitioner argues that he is actually innocent of the crimes that he was convicted of because: "1) there was no damage to the bridge because 2) there was no explosion, because 3) the materials sold by the government were fake and 4) the petitioner had no clue how to use the material even if it had not been fake." (Doc. 357 at 4). To prevail on a claim of actual innocence, a petitioner must prove that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (internal quotations omitted). Petitioner does not meet this standard.

The crimes petitioner was convicted of involve conspiracy and attempt: conspiracy to use a weapon of mass destruction, attempted use of a weapon of mass destruction, and attempted use of an explosive device to damage or destroy real property used in interstate commerce. Petitioner was not charged with or convicted of *actually* destroying the Route 82 bridge. "When the underlying offense is an inchoate one such as attempt or conspiracy, then the attempt or conspiracy is all that must be shown to establish the underlying offense, and it is not necessary to show completion of the objective of the inchoate crime." *United States v. McGhee*, 854 F.2d 905, 908 (6th Cir. 1988) (quoting *United States v. Rey*, 641 F.2d 222, 224 n.6 (5th Cir. 1981)). Petitioner's first two points relate to the government's failure to prove that the object of the conspiracy–blowing up the bridge–did not happen. Because the government did not have to prove that petitioner and his co-defendants blew up the bridge to convict petitioner of conspiracy and attempt, these points are unavailing.

In petitioner's third point, he essentially argues that blowing up the bridge was a factual impossibility because the government's confidential informant sold the group inert explosives.

5

Factual impossibility "is the situation in which the defendant is unable to accomplish what he intends because of some facts unknown to him." *United States v. Peete*, 919 F.2d 1168, 1176 (6th Cir. 1990) (quotations omitted). It is well-settled law that factual impossibility is not a defense to an inchoate crime, such as attempt and conspiracy. *United States v. Williams*, 553 U.S. 285, 300, 128 S. Ct. 1830, 1843, 170 L. Ed. 2d 650 (2008) (quotations omitted) ("As with other inchoate crimes—attempt and conspiracy, for example—impossibility of completing the crime because the facts were not as the defendant believed is not a defense.").

Finally, petitioner's conclusory statement that he "had no clue how to use the material even if it had not been fake" is not enough to support a claim of actual innocence in light of the facts produced at trial. As the Sixth Circuit noted in its opinion affirming petitioner's conviction, the government produced evidence at trial showing that Stafford agreed to help place the explosives; that he did, in fact, plant the explosives; and that he attempted to detonate the explosives by using a cellular phone. These facts were sufficient for a reasonable jury to find that he was guilty of the crimes he was charged with committing.

For these reasons, petitioner's first ground for relief is not well-taken.

**B. Ineffective Assistance of Appellate Counsel**

In his petition for relief, petitioner notes in passing that his appellate counsel was ineffective because he did not raise actual innocence as a ground for relief. Petitioner does not discuss this allegation in his supporting memorandum.

The Sixth Amendment guarantees a criminal defendant the right to effective counsel at all "critical stages" of the criminal process. *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012). To establish an ineffective assistance of counsel claim, a petitioner must prove that

his counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The deficient performance prong requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In determining if counsel's performance was deficient, a court "must be highly deferential" and avoid the "distorting effects of hindsight." *Id.* at 689. The prejudice prong requires the petitioner to show more than some conceivable effect on the judgment. *Id.* at 693. Rather, to prove that counsel's performance was prejudicial, there must be "a reasonable probability that, but for counsel's unprofessional errors, the rest of the proceeding would have been different." *Id.* at 694.

Petitioner provides no evidence or argument in support of his claim of ineffective assistance of counsel. Moreover, as discussed above, petitioner's claim of actual innocence is without merit. Therefore, appellate counsel's decision not to raise this issue on appeal was neither deficient performance nor prejudicial.

## C. *Johnson v. United States*

Finally, petitioner argues that his sentence is void under the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson,* the Supreme Court held that the residual clause of the Armed Career Criminal Act was void for vagueness. The ACCA imposes a heightened mandatory minimum sentence for a person who possesses a firearm after three or more convictions for a "serious drug offense" or a "violent felony." The residual clause defined a "violent felony" as "any "any crime punishable by imprisonment for a term exceeding one year ... that ... otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at 2556 (quoting 18 U.S.C. § 924(e)(2)(B)). *Johnson* is inapplicable to petitioner's

case because he was not sentenced under the ACCA or any statute with language similar to the ACCA's residual clause.

**CONCLUSION**

For the foregoing reasons, petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. The Court finds that a hearing is unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Wright v. U.S.*, 320 Fed. Appx. 421, 426 (6th Cir. 2009). Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.


/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/14/16